UNITED STATES DISTRICT COURT **CIV-FERGUSON**
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA　　　　　CASE NO. 00-6193-CR-FERGUSON

v.　　　　　　　　　　　　　　　　　Magistrate Judge Ann Vitunac

MELVIN RUTH,

　　　Defendant.
_____/

### MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

　　　The Defendant, MELVIN RUTH, by and through his undersigned counsel, pursuant to 18 U.S.C. §2255, files this Motion to Vacate, Set Aside or Correct Sentence that was imposed on January 24, 2001, and in support of this motion, the Defendant states:

　　　1.　　On November 8, 2000, the Defendant pled guilty to Conspiracy to Commit Mail and Wire Fraud, pursuant to a negotiated plea bargain with the government in which the government agreed to move the Court for a reduction in the Defendant's sentence pursuant to Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. §3553(e) or Rule 35 of the Federal Rules of Criminal Procedure, if the Defendant performed substantial assistance which the government deemed to be of the requisite quality and significance to warrant a downward departure from the sentence required by the Sentencing Guidelines. A Sentencing hearing was set for January 24, 2001.

　　　2.　　At the Sentencing hearing held on January 24, 2001, the Court considered a proffer made by the government as to the level of assistance that had been provided by the Defendant and the government moved for a reduction in the Defendant's sentence pursuant to Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. §3553(e). The government advised the Court that the Defendant was entitled to a reduction under section 5K1.1 and requested the Court to sentence the Defendant




to 16 months in the Bureau of Prisons, pursuant to its 5K1.1 Motion. The Court declined to accept the assistance provided by the Defendant as the kind that was sufficient to warrant a reduction in the Defendant's sentence at that time, and advised the parties that it was inclined to sentence the Defendant pursuant to the Sentencing Guidelines, to allow the government to file its "rule, 5K1.1 Motion [s.i.c.]," and to have a hearing on the extent of the Defendant's cooperation, because the information provided by the Defendant to the government had not been proven worthy yet to the Court. Both the government and the Defendant agreed with the Court's suggestion. The Court imposed a sentence at the low end of the Sentencing Guidelines of 33 months in the Bureau of Prisons and delayed execution of the sentence to permit the Defendant's cooperation to develop, so that it could thereafter determine what the cooperation was worth. A copy of the transcript of the January 24, 2001 Sentencing hearing marked Defense Exhibit #1 is attached hereto and made a part hereof.

3. On July 6, 2001, the court issued a warrant for the Defendant's arrest for violating the terms of his release on bond, based upon an ex-parte application by the government. The Defendant was subsequently arrested on the warrant and began serving his 33 month sentence in the Bureau of Prisons.

4. Following the January 24, 2001 Sentencing hearing and prior to the Defendant's arrest on the warrant issued by the Court on July 7, 2001, the Defendant continued to cooperate with the government and provided the government with assistance in the investigation and prosecution of other criminal matters, which led to new arrests and/or convictions. In one such case, on August 28, 2002, David L'Hoir pled guilty to Conspiracy to Commit Mail Fraud, Wire Fraud and Money Laundering in the case of <u>United States v. David L'Hoir</u>, Case No. 01-CR-6118-

DIMITROULEAS. The Defendant provided substantial assistance to the government which led to the arrest and conviction of David L' Hoir. Pursuant to 18 U.S.C. §2255(2), the date upon which this conviction occurred is within one year from the date of the filing of this motion, and is the date on which the impediment to filing this motion created by government action in violation of the Constitution or the laws of the United States was removed. This conviction was necessary in order to make a showing to the court that the Defendant's assistance to the government had risen to the level of that which the court deemed to be necessary for it to grant a 5K1.1 substantial assistance motion, and for which the government agreed on January 24, 2001 that it would file such motion.

5. The government has already determined that the Defendant was entitled to a reduction under section 5K1.1, as stated by Assistant United States Attorney Jeffrey Kay in the January 24, 2001 Sentencing hearing. Nevertheless, the Government has never filed for a reduction in the Defendant's sentence pursuant to either a section 5K1.1 Motion or a Rule 35 Motion, despite the Defendant's cooperation and assistance having risen to the level of that suggested by the Court during the before mentioned Sentencing hearing, by virtue of the August 28, 2001 conviction of David L' Hoir.

6. The plea agreement entered into between the government and the Defendant stated in pertinent part:

...

> 10. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make the defendant's cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgement of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the sentence required by the Sentencing Guidelines, this Office may at or before sentencing make a

motion pursuant to Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. §3553(e), or a Rule 35 motion subsequent to sentencing, reflecting that the defendant has provided substantial assistance and recommending sentence reduction. The defendant acknowledges and agrees, however, that nothing in this Agreement may be construed to require this Office to file such a motion and that this Office's assessment of the nature, value, truthfulness, completeness and accuracy of the defendant's cooperation shall be binding on the defendant.

7. In United States v. Lukse, 286 F.3d 906 (6th Cir. 2002), the government refused to file motions for downward departure after the defendants pled guilty to drug charges pursuant to plea agreements wherein the government was required to file downward departure motions if the defendants provided substantial assistance. The government claimed that the defendants had lost their credibility as witnesses due to their admitted use of marijuana in the jail after their pleas had been entered into but prior to sentencing, despite the fact that it had acknowledged that they had both performed substantial assistance. The Court ruled that once substantial assistance was acknowledged, the government was required to file the motion. Id., at 286 F.3d at 912.

8. The Court also ruled that "... before dispensing with obligations in a plea agreement, the government bears the burden of first proving the defendant's breach." Id. The Court reasoned that the government was required under U.S. v. Benjamin, 138 F.3d 1069 (6th Cir. 1998) to establish that the defendants had breeched the plea agreements by a preponderance of the evidence if it decided not to file the substantial assistance motions. Absent such proof, the government was bound by the plea agreement and was required to file downward departure motions. The Court remanded the case for a new sentencing hearing and ordered the government to file downward departure motions.

9. In the present case, although the government retained complete discretion to determine if the Defendant had rendered substantial assistance under the terms of the plea, such

determination had already been made by the government by the time of the January 24, 2001 Sentencing hearing. Therefore, under the terms of the plea agreement as well as the expressed agreement made by the government at the January 24, 2001 Sentencing hearing, it is required to file either a section 5K1.1 Motion or a Rule 35 Motion. Accordingly, if the government chooses not to file such motion, it has the burden of proving by a preponderance of the evidence that the Defendant breeched the plea agreement, in order to relieve itself of such requirement.

**WHEREFORE**, based upon the reasons set forth above and for other reasons which will be brought to the Court's attention at a hearing on this motion, the Defendant respectfully requests this Honorable Court to vacate and set aside the sentence imposed on January 24, 2001, and require the government to file either a motion pursuant to Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. §3553(e) or a motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure, so that the Court may resentence the Defendant accordingly.

        Respectfully submitted,

        **LUBIN, VOLKER AND OLEA, P.A.**
        Second Floor, Flagler Plaza
        1217 South Flagler Drive
        West Palm Beach, FL 33401-6707
        Telephone: 561/655-2040
        Facsimile: 561/655-2182
        Attorneys for Defendant


By:_____
        **KIRK C. VOLKER**
        Fla. Bar No. 439134

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy hereof has been mailed and faxed to Steven Petri, Esq., Assistant United States Attorney, 500 East Broward Blvd., 7th Floor, Ft. Lauderdale, Florida 33394-3092 this 27th day of August, 2002.

_____
**KIRK C. VOLKER**

CASE # 00-CR-6193-WDF



# "Do Not Scan or Copy This Transcript."

DE #

```
 1
 2
 3
 4                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF FLORIDA
 5
 6
 7  UNITED STATES OF AMERICA,    )
                                 )
 8            Plaintiff,         )    Case No. 00-6193-Cr-WDF
                                 )
 9  vs                           )
                                 )    Fort Lauderdale, Florida
10  MELVIN RUTH,                 )    January 24, 2001
                                 )    Thursday
11            Defendant.         )
    -----------------------------)
12
13
14
15              TRANSCRIPT OF SENTENCING
        BEFORE THE HONORABLE WILKIE D. FERGUSON, JR.
16
17
18
19  APPEARANCES:
20  FOR THE GOVERNMENT:            JEFFREY KAY, AUSA
21  FOR THE DEFENDANT:             KIRK VOLKER, ESQ.
22  COURT REPORTER:                PAUL HAFERLING
23
24
25
```

DEFENSE EXHIBIT 1

# TRANSCRIPT NOT SCANNED

PLEASE REFER TO COURT FILE